ELECTRONICALLY FILED
2022 Aug 03 PM 1:38
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2022-CV-000475



**Court:** Wyandotte County District Court

**Case Number:** 2022-CV-000475

**Case Title:** Steven Hickcox vs. Hyster Yale Group Inc

**Type:** Summons to Defendant

SO ORDERED.

/s/ Kristi R. Hill

/s/ Clerk of District Court

Electronically signed on 2022-08-03 13:38:03   page 1 of 5

EXHIBIT
A

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

| | |
|---|---|
| STEVEN HICKCOX<br>2035 Virginia Rd.<br>Osawatomie, KS 66064<br><br>                Plaintiff,<br><br>v.<br><br>HYSTER-YALE GROUP, INC.<br>aka HYSTER-YALE MATERIALS<br>HANDLING, INC.,<br>Serve:<br>Corporation Service Company<br>2900 Southwest Wanamaker Dr.<br>Suite 204<br>Topeka, KS 66614<br><br>                Defendant. | Proceeding Pursuant to K.S.A. Chapter 60<br><br>Case No.:<br>Division |

To:   HYSTER-YALE GROUP, INC. a/k/a HYSTER-YALE MATERIALS HANDLING, INC.
C/O: REGISTERED AGENT
CORPORATION SERVICE COMPANY
2900 Southwest Wanamaker Dr., Suite 204
Topeka, KS 66614

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached petition or a motion under K.S.A. 60-212. The answer or motion must be served on the plaintiff's attorney, or the plaintiff if plaintiff has no attorney, at the following address:

  Erik Klinkenborg
Jonathan Buschmann, Attorney at Law, PC
1236 Swift Avenue
North Kansas City, Missouri 64116

If you fail to file an answer or motion as described above, judgment by default will be entered against you for the relief demanded in the petition. You also must file your answer or motion with the court.

2

If you file an answer, any related claim which you may have against the plaintiff must be stated as a counterclaim in your answer. If you fail to do so you will thereafter be barred from making such claim in any other action.

Date _____    Clerk of the District Court.

Clerk's Seal                              By _____
                                                Deputy

3
## RETURN OF SERVICE OF SUMMONS ON AN INDIVIDUAL

I hereby certify that I served a copy of this summons and a copy of the petition on Hyster-Yale Group, Inc. a/k/a Hyster-Yale Materials Handling, Inc. in the following manner:

_____(1) **Personal Service** - on the \_\_\_ day of _____, 2\_\_\_\_, by delivering or offering to deliver the documents to the above-named person;

_____(2) **Residence Service** - on the \_\_ day of _____, 2\_\_\_\_, by leaving the documents at the dwelling or usual place of abode of the above-named person, with some person of suitable age and discretion who resides there;

_____(3) **Residence Service** - on the \_\_ day of _____, 2\_\_\_\_, by leaving a copy of the documents at the dwelling or usual place of abode of the above-named person and mailing to that person by first-class mail a notice that the copy has been left at the individual's dwelling or place of abode;

_____(4) **Return Receipt Delivery** - by causing to be delivered on the \_\_\_\_\_ day of _____, 2\_\_\_\_, the documents by return receipt delivery to the above-named person at the following address: _____ with delivery being made by the following person or entity: _____.
A copy of the return receipt evidencing delivery is attached to this Return of Service.

_____(5) **Return Receipt Delivery Refused** - by mailing on the _____ day of _____, 2\_\_\_, the documents by first-class, postage prepaid, to the above-named person at the following address: \_\_\_\_\_.

_____(6) **Other Method of Service** - (Describe other method of service allowed by law).

_____(7) **No Service.** The above-named person was not served for the following reason(s):

_____.

4

## CERTIFICATION OF
## RETURN ON SERVICE OF SUMMONS

### Service by
### Law Enforcement Officer

  I declare under penalty of perjury, as provided in K.S.A. 21-3805, that the foregoing Return on Service of Summons is true and correct.

Executed on _____, 2\_\_\_\_\_.

_____
Signature & Title of Officer

ELECTRONICALLY FILED
2022 Aug 01 PM 1:32
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2022-CV-000475

## IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

| | |
|---|---|
| STEVEN HICKCOX<br>2035 Virginia Rd.<br>Osawatomie, KS 66064<br><br>    Plaintiff,<br><br>v.<br><br>HYSTER-YALE GROUP, INC.<br>aka HYSTER-YALE MATERIALS<br>HANDLING, INC.,<br>Serve:<br>Corporation Service Company<br>2900 Southwest Wanamaker Dr.<br>Suite 204<br>Topeka, KS 66614<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) Proceeding Pursuant to K.S.A. Chapter<br>) 60<br>)<br>)<br>) Case No.:<br>) Division<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### PETITION FOR DAMAGES

COMES NOW the Plaintiff, by and through his attorney of record, and for his Petition for Damages does hereby allege and state to the Court as follows, to-wit:

1. That at all relevant times hereinafter mentioned, the Plaintiff, is and was an individual citizen and resident of the State of Kansas and resided at 2035 Virginia Rd., Osawatomie, KS 66064.

2. That the Defendant Hyster-Yale Group, Inc., is a wholly owned and operating subsidiary of Hyster-Yale Materials Handling, Inc., and that said Defendant Hyster-Yale Group, Inc., may also be known as Hyster-Yale Materials Handling, Inc.

3. That the incident giving rise to this cause of action occurred at Estes Express Lines, Inc., located at 4601 Speaker Rd., Kansas City, Wyandotte County, KS 66106.

4. That the Defendant Hyster-Yale Group, Inc., also known as Hyster-Yale Materials

Handling Inc., is and was at all relevant times a corporation duly organized under the laws of the State of Ohio and of the State of Kansas and was doing business in the State of Kansas.

5. That hereinafter the Defendant shall be referred to as "Hyster".

6. Jurisdiction and venue are proper before this Court as the underlying incident giving rise the instant lawsuit occurred in Wyandotte County, Kansas.

## GENERAL ALLEGATIONS

7. The allegations of the preceding and succeeding paragraphs are incorporated herein by reference.

8. Defendant Hyster, or its predecessors, designed, developed, tested, manufactured and/or distributed the subject forklift at issue in this case.

9. On or about August 7, 2020, Plaintiff, Steven Hickcox, was legally and lawfully operating a forklift manufactured and distributed by the Defendant Hyster while engaged in his employment with Estes Express Lines, Inc., and while in the process of attempting to scan a barcode situated on a load Plaintiff was attempting to to lift with a forklift Plaintiff slightly rose form his seat and stumbled and fell forward thereby extending his arm through the front of the cab of said forklift at which time the forklift catastrophically failed resulting in the forks of the forklift to fall from an elevated position through no action taken by the Plaintiff, resulting in Plaintiff's arm to be crused in the forks of said forklift.

10. That the forklift manufactured, designed, and distributed by Defendant Hyster had no protective windshield or other device to prevent Plaintiff's arm from extending through the front opening of said forklift.

## COUNT I- STRICT LIABILITY AGAINST HYSTER

11. The allegations of the preceding and succeeding paragraphs are incorporated herein by reference.

12. At all times relevant herein, the subject forklift was:

    a. Being used in a manner reasonable anticipated; and

    b. Substantially in the same condition as when designed, manufactured, marketed, sold, distributed and/or supplied.

13. At all times herein, Defendant Hyster was responsible for designing, manufacturing, marketing, selling, distributing and/or supplying the subject forklift operated by Steven Hickcox in this action.

14. The subject forklift manufactured and/or distributed by Defendant Hyster was unfit, unsafe, defective, and unreasonably dangerous to the user and or consumer of the subject forklift for its intended use and purpose because of its design, manufacturing, and/or lack of warning of the defects that caused the subject forks on said forklift to malfunction, and for failing to install a safety barrier on the front of the cab of said forklift to prevent an individual such as Plaintiff who was operating said forklift from being able to extend a portion of their body through the front opening of the forklift.

15. The subject forklift manufactured and/or distributed by Defendant Hyster was manufactured without adequate quality control measures and inappropriate manufacturing procedures and processes and improper final inspection. Said inappropriate quality control measures and inappropriate manufacturing practices and procedures contributed to the failure of the subject forklift.

16. The subject forklift was defective in design, manufacture and had inadequate warnings

3

rendering the product unreasonable dangerous.

17. The aforesaid defects and dangerous conditions existed when the subject forklift was designed, manufactured, marketed, sold, distributed and/or supplied by Defendant Hyster.

18. The defective condition of the subject forklift existed when the product reached the user without substantial change.

19. The subject forklift was unreasonably dangerous in that it was dangerous beyond that which would be contemplated by the ordinary consumer who purchased it or used it, with the ordinary knowledge common to the community as to is characteristics.

20. Based upon the allegations set forth above, the subject forklift was unreasonably dangerous because it failed to meet the reasonable expectations of consumers in that:
    a. It failed to perform as safely as an ordinary forklift operator would expect when used in a reasonably foreseeable manner;
    b. It failed to perform as safely as an ordinary forklift operator would expect when used as marketed and promoted by Defendant Hyster.

21. Based upon the allegations set forth above, the subject forklift was unreasonable dangerous because it had defects in the information provided about it, in that the use of the product for its intended or reasonably foreseeable use caused the product to be dangerous to an extent beyond that contemplated by the ordinary forklift operator possessing the knowledge common to the community of the products characteristics.

22. The use of the subject forklift as marketed and promoted by Defendant Hyster caused it to be dangerous to an extent beyond that contemplated by the ordinary forklift operator who possessed the knowledge common to the community of the products characteristics.

23. Based upon the allegations set forth above, the subject forklift was unreasonably

dangerous because Defendant Hyster did not provide adequate warning to consumers who may use this forklift that it may suddenly malfunction, without any warning, when being operated in normal and expected ways.

24. Based upon the allegations set forth above, the defective and unreasonably dangerous condition of the subject forklift was a proximate cause of damages resulting from the injuries to Plaintiff.

25. Upon information and belief, the accident giving rise to the injuries received by Steven Hickcox was caused by a malfunction of the subject fork raising and lowering mechanism on said forklift and for failing to install a safety shield which would prevent an operator of said forklift from being able to extend any portion of their body through the front windshield of said forklift and for failure to post warnings that extending a portion of the operator's body through the front portion of the forklift could result in serious injury to the operator.

26. As a direct and proximate result of the defective and unreasonable dangerous condition of the subject forklift, the damages resulting from the injuries to Steven Hickcox consist of the following: physical injury and damage, mental and emotional distress, loss of wages, loss of earning capacity, pain and suffering, loss of enjoyment of life, and other damages to be proven at trial.

27. As a direct and proximate result of the defective and unreasonably dangerous condition of the subject forklift, the damages resulting from the injuries to Steven Hickcox will continue into the future.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant Hyster under Count I and that the Court issue and order granting the following relief:

    a. Recovery of a reasonable monetary award or awards for compensatory damages, in an amount of excess of $75,000.00 to be proven at trial;

    b. Prejudgment and post-judgment interest thereon at the rate determined by law;

    c. Plaintiff's costs in this action;

    d. For such other and further relief as the Court deems just and proper.

## COUNT II- NEGLIGENCE AGAINST HYSTER

28. The allegations of the preceding and succeeding paragraphs are incorporated herein by reference.

29. Upon information and belief, Defendant Hyster manufactured, designed, sold, distributed and/or inspected the subject forklift that was operated by Plaintiff at the time of the accident referenced in this Complaint.

30. At all relevant times, Defendant Hyster owed a duty to the public in general and to the Plaintiff Steven Hickcox to exercise reasonable care in designing, manufacturing, distributing, selling, installing, warning and/or the continual monitoring of safety concerns for products put into the stream of commerce by Defendant Hyster, including a duty to assure its products did not cause Plaintiff Steven Hickcox to suffer reasonably foreseeable dangerous consequences arising from the expected use of the subject forklift.

31. The conduct, actions, and inactions of Defendant Hyster, as set forth above and incorporated herein, were negligent. Defendant Hyster was negligent, careless and reckless and otherwise acted wrongfully in its manufacture, design, marketing, assembly, distribution, advertising, servicing, testing, inspection, management, sale and control of the subject forklift including, but not limited to:

    a. Failing to properly and adequately test, design and manufacture the subject

forklift;

b. Allowing the subject forklift to be placed in and remain in the stream of commerce in a defective and dangerous condition;

c. Constructing the subject forklift in such a manner that it was likely to malfunction;

d. Failing to inspect and test the subject forklift as a reasonably prudent designer, manufacturer, distributer, seller or servicer of such a dangerous instrumentality would or should have done under the circumstances;

e. Failing to inspect subject forklift for defective conditions;

f. Failing to discover the defective conditions on the subject forklift;

g. Failing to discover such defects as an appropriate inspection would have disclosed of subject forklift;

h. Selling the subject forklift which, when put to its intended use was defective;

i. Delivering the subject forklift which was not safe for its intended purposes;

j. Failing to warn of the dangers which would be likely to result from the sudden failure of the subject forklift;

k. Selling the subject forklift without proper and adequate warnings and instructions;

l. Failing to comply with or meet applicable industry standards; and

m. Failing to install a safety shield on the front portion of the cab of the subject forklift to prevent the operator from extending any portion of his body through the front portion of the cab of the forklift.

32. The conduct, actions and inactions of Defendant Hyster, as set forth above and incorporated herein, demonstrate that Defendant Hyster failed to exercise ordinary and

reasonable care in the design, manufacture, distribution, assembly, promotion, marketing, sale, testing, quality assurance and quality control of the subject forklift that an ordinarily careful expert in Defendant's business would use under the same or similar circumstances.

33. The conduct, actions and inactions of Defendant Hyster, as set forth above and incorporated herein, demonstrates that Defendant Hyster failed to exercise ordinary and reasonable care in the instructions and warnings that accompanied the subject forklift that an ordinarily careful expert in Defendant's business would use under the same or similar circumstances.

34. Upon information and belief, the malfunctioning of the subject forklift occurred as a direct result of Defendant Hyster's negligence.

35. The injuries which Steven Hickcox received were the direct and proximate result of the negligence of Defendant Hyster.

36. As a direct and proximate result of the defective and unreasonably dangerous condition of the subject forklift, the damages resulting from the forklift malfunctioning consist of the following: physical injury and damage, mental and emotional distress, loss of wages, loss of earning capacity, pain and suffering, loss of enjoyment of life and other damages to be proven at trial.

37. As a direct and proximate result of the defective and unreasonably dangerous condition of the subject forklift, the damages resulting from the injuries Plaintiff Steven Hickcox received will continue into the future.

   WHEREFORE, Plaintiff prays for Judgment in his favor and against Defendant Hyster under Count II and that the Court issue an order granting the following relief:

a. Recovery of a reasonable monetary award for compensatory damages, in an amount in excess of $75,000.00 to be proven at trial;

b. Prejudgment and post-judgment interest thereon at the rate determined by law;

c. Plaintiff's costs in this action;

d. For such other and further relief as the Court deems just and proper.

JONATHAN BUSCHMAN,
ATTORNEY AT LAW, P.C.

/s/     Erik P. Klinkenborg
Erik P. Klinkenborg          (KS #20187)
1236 Swift Avenue
North Kansas City, Missouri 64116
Telephone:    816-472-4440
Facsimile:    816-472-4442
erik@northkclawyers.com

ATTORNEY FOR PLAINTIFF